Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2723 | **DATE** | 4/21/2000 |
| **CASE TITLE** | Ty Inc. vs. Advanced Internet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing held.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Parties having entered into a settlement, this case is dismissed. Enter Consent Judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | 4-24-00 date docketed | 14 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| rs | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., a Delaware corporation, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.   99 C 2723 )   Judge Manning )   Magistrate Judge Rosemond |
| ADVANCED INTERNET ENTERPRISES, a Tennessee limited liability company, and NICHOLAS WHITE, an individual, | ) ) ) ) |
|     Defendants. | ) ) |

DOCKETED
APR 24 2000

## CONSENT JUDGMENT

Plaintiff Ty, Inc. ("Ty") filed a Complaint in this action against Advanced Internet Enterprises and Nicholas White (collectively referred to as "Defendants") to prevent the allegedly unlawful use of Ty's BEANIE BABIES, BEANIE BABY, BEANIE BUDDIES, BEANIE BUDDY, BEANIES, BEANIE, THE BEANIE BABIES COLLECTION, and BEANIE BUDDIES COLLECTION trademarks (the "BEANIE Marks"), Ty, and the Defendants have stipulated to the entry of this Consent Judgement, have waived the making of written findings of fact and conclusions of law and have further waived any hearing concerning the entry of this Consent Judgment:

THEREFORE, upon good cause appearing therefor, and upon stipulation of the above-named parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties.

2. Ty is the creator of numerous, plush toy products including the BEANIE BABIES and BEANIE BUDDIES lines of plush toy products. Ty markets these products throughout the

world and sells them through authorized dealers. Since their introduction in 1994, Ty's plush toy products have proven to be extremely popular throughout the world.

3. In connection with the marketing and sale of its plush toy products, Ty has long and extensively used the BEANIE Marks, and owns all rights, title and interest in these marks.

4. Ty has registered in the United States Patent and Trademark Office ("PTO") several of its BEANIE Marks, including the marks BEANIE BABIES (Reg. No. 2,049,196), THE BEANIE BABY COLLECTION (Reg. No. 2,080,995), and BEANIE BUDDIES COLLECTION (Reg, No. 2,052,465) for plush toys. These marks are valid, subsisting and owned by Ty.

5. In connection with the marketing and sale of its plush toy products, Ty has established a substantial presence on the Internet, including the development of its own extraordinarily popular web site which can be accessed through several uniform resource locators ("URL's"), including www.beaniebabies.com.

6. By virtue of Ty's extensive marketing and sale of its plush toys, its BEANIE Marks have become extremely well known, acquired distinctiveness and have come to represent an extremely valuable goodwill owned by Ty.

7. Defendant obtained a registration from Network Solutions, Inc. for the domain names E-BEANIEBABY.COM, E-BEANIE.COM and EBEANIE,COM.

8. All of these domain names directed Internet browsers to the Defendants' web site (the "E-BEANIEBABY.COM Web Site"). At this web site, the Defendants offered for sale, among other things, many of Ty's plush toy products, as well as books about Ty's products. In addition, Defendants provided an interactive chat forum for third parties to discuss Ty's products.

2

Furthermore, Defendants encouraged Internet browsers to access their BEANIE CHECKLIST, which listed all of Ty's plush toy products.

9. On April 26, 1999, Ty filed the instant suit alleging that Defendants' conduct amounted to, among other things, infringement of Ty's proprietary trademarks, unfair competition, trademark dilution and deceptive trade practices. The Defendants filed an answer denying the material allegations of the Complaint.

10. Defendants, their present and future shareholders, officers, directors, employees, agents, representatives, heirs, assigns, successors, predecessors, any entity owned or controlled by them, and all persons in active concert or participation with them, are hereinafter permanently enjoined and restrained from:

  a. Obtaining a registration for any domain name which is comprised in whole or in part of the term BEANIE BABIES, BEANIE BABY, BEANIE BUDDIES, BEANIE BUDDY, BEANIES, or BEANIE, THE BEANIE BABIES COLLECTION, BEANIE BUDDIES COLLECTION, or TY, or any term confusingly similar thereto;

  b. Using the BEANIE Marks or any trademark, trade name, or other source identifier which is comprised in whole or in part of the term BEANIE BABIES, BEANIE BABY, BEANIE BUDDIES, BEANIE BUDDY, BEANIES, or BEANIE, THE BEANIE BABIES COLLECTION, BEANIE BUDDIES COLLECTION, or TY, or any term confusingly similar thereto, in an infringing or unlawful manner;

3

c. Doing any act or thing likely to confuse, mislead, or deceive others into believing that Defendants' goods or services emanate from, are connected with, or are sponsored or approved by, Ty; and

d. Assisting, aiding or abetting any person to engage in any of the activities prohibited in paragraphs 10(a) through 10(c) above.

11. In the event of any violation of paragraph 10 of this Consent Judgment, Defendants acknowledge that Ty will not have an adequate remedy at law and that Ty shall be entitled to immediate injunctive relief, in addition to any other remedies Ty may have. Defendants agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois. Ty also shall be entitled to recover its reasonable attorneys' fees and costs incurred to prosecute any violations of paragraph 10.

12. Defendants shall assign to Ty the domain name registrations for the E-BEANIEBABY.COM, E-BEANIE.COM and EBEANIE.COM domain names and shall forward an executed and notarized copy of the domain name assignment form to counsel for Ty.

13. Defendants have agreed to pay Ty a confidential sum in settlement of the foregoing claims.

14. This Consent Judgment and the settlement agreement entered into between the parties constitute the entire agreement between Defendants and Ty and supersedes any prior agreements or understandings between them, whether written or verbal, and may not be modified in any manner, except by a writing signed by the parties or their duly authorized representatives.

15. This Consent Judgment shall bind and benefit Defendants, their present and future shareholders, officers, directors, employees, agents, representatives, heirs, assigns, successors,

4

predecessors, any entity owned or controlled by them, and all persons in active concert or participation with them.

16. No appeal shall be taken from this Consent Judgment.

17. This Court shall retain jurisdiction over this action to the extent necessary to insure full compliance with all obligations imposed by this Consent Judgment.

18. The parties to this Consent Judgment acknowledge that they have consulted with counsel and have been fully informed and have full knowledge of the terms, conditions and effects of this Consent Judgment.

APPROVED AND CONSENTED TO BY:

ADVANCED INTERNET ENTERPRISES

BY: _____
ITS: _____
DATED: April 11, 2000

NICHOLAS WHITE

_____
DATED: April 11, 2000

TY, INC.

BY: Michael W. Kamler
ITS: Executive Vice President/CFO
DATED: 4/17/2000

SO ORDERED:
Dated: Blanche M. Manning
APR 21 2000

Hon. Blanche M. Manning
United States District Judge

CH01/12058674.2

5